**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN CRUMP, | No. 18-55950 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04760-RGK-PLA |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 12, 2019**

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Jean Crump appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *Barren v. Harrington*, 152

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Crump's action because Crump failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also FDIC v. Meyer*, 510 U.S. 471, 476-78, 484-86 (1994) (the United States has not waived its sovereign immunity for constitutional torts; a *Bivens* cause of action may not be brought against a government agency); *West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (application of absolute prosecutorial immunity); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (application of judicial immunity).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**